BENJAMIN B. WAGNER
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California  95814-2322
Telephone:  (916) 554-2760
Facsimile:  (916) 554-2900
Email: yoshinori.himel@usdoj.gov

Attorneys for Petitioner United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>SHARRON NISBETT,<br><br>    Respondent, | Case No.: 1:11-cv-01610-LJO-GSA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERIFIED PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS**<br><br>TAXPAYER:  SHARRON NISBETT |

      On June 30, 2011, IRS Revenue Agent Elaine Moore issued a summons directing Respondent to appear on July 8, 2011, to testify and provide documents as demanded in the summons.  Verified Petition ¶¶ 7, 9, & Ex. A.  Respondent failed to appear on July 8, 2011, as required by the summons, and failed to provide the testimony and documents demanded in the summons.  Id. at ¶ 10.  Respondent continues to fail to comply with the summons.  Id. at ¶ 11.

      There is no evidence of any criminal referral to the U.S. Department of Justice, pursuant to 26 U.S.C. § 7602(d), for the tax year ending December 31, 2009, for Sharron Nisbett.  Verified Petition ¶ 16.  All administrative steps required for the issuance of the summons to Respondent have been taken.  Id. at ¶ 15.

///

II.

JURISDICTION

This Court has jurisdiction to enforce the IRS summons issued to Respondent.  See 26 U.S.C. §§ 7402(a)-(b), 7604(a); 28 U.S.C. §§ 1340, 1345.  Venue is proper in this district as Respondent resides in or may be found within this district.  See 26 U.S.C. §§ 7402(b), 7604(a).

III.

LEGAL ANALYSIS

The IRS summons to Respondent, for testimony and documents relevant to collecting delinquent employment taxes, is authorized by the Internal Revenue Code and comply with applicable law.  The summons should be enforced.

The IRS is authorized "[t]o examine any books, papers, records, or other data which may be relevant or material" in determining the correctness of a tax return or the liability of any person for any internal revenue tax.  26 U.S.C. § 7602(a)(1).  The IRS is authorized to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability."  26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999).

For this purpose, the IRS has authority:

> To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a)(2).

///

To enforce an IRS summons, the government has the burden of showing that: (1) the investigation is conducted pursuant to a legitimate purpose; (2) the information requested is relevant to this purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964); Crystal, 172 F.3d at 1143-44; English v. Krubsack, 371 F. Supp. 2d 1198, 1202 (E.D. Cal. 2005). "'The government's burden is a slight one and may be satisfied by a declaration [or verified petition] from the investigating agent that the Powell requirements have been met.'" Crystal, 172 F.3d at 1144 (citing United States v. Dynavac, Inc. 6 F.3d 1407, 1414 (9th Cir. 1993)).

Once the government's prima facie showing is made, the burden shifts to the person challenging the summons to "refute the Government's Powell showing of good faith to oppose successfully the enforcement of an IRS summons." United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1346 (9th Cir. 1983) (citing United States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982)). "The taxpayer, however, carries a heavy burdenof convincing the district court to deny enforcement." Id.; see also Fortney v. United States, 59 F.3d 117,120 (9th Cir. 1995).

The petition verified by Revenue Agent Moore establishes grounds under Powell for enforcement of the summons in this case:

First, the IRS summons to Respondent was issued for a legitimate purpose. Revenue Agent Moore issued the summons under 26 U.S.C. § 7602 to determine the existence and amount of personal income tax liability for the tax year ending December 31, 2009. Verified Petition ¶¶ 5, 7, 9, 13 & Ex. A.

Second, the information sought is relevant to the investigation of Respondent. Revenue Agent Moore is attempting to gather information for the determination of personal income tax. Verified

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VERIFIED PETITION TO ENFORCE IRS SUMMONS
3

Petition ¶ 5. The IRS is informed and believes that Respondent has knowledge that could aid in carrying out this investigation. Id. at ¶ 6. The summons to Respondent seeks the sorts of testimony that may help the IRS to determine the existence and amount of delinquent taxes. Id. at ¶ 13 & Ex. A.

Third, the IRS does not already possess the information sought in the summons. Verified Petition ¶ 14.

Fourth, all administrative steps required by the Internal Revenue Code for issuance of the summons have been taken. Verified Petition ¶ 15. Additionally, no criminal referral to the Department of Justice has been made with respect to this matter. Id. ¶ 16.

IV.

CONCLUSION

For the reasons set forth above and in the United States' Petition to Enforce Internal Revenue Service Summons, the United States respectfully requests that the Court issue the proposed Order to Show Cause to Respondent, and order Respondent to comply with the summons.

Dated: September 23, 2011                   Respectfully submitted,

                                            BENJAMIN B. WAGNER
                                            United States Attorney

                                    By:     */s/ Y. Himel*
                                            YOSHINORI H. T. HIMEL
                                            Assistant U.S. Attorney
                                            Attorneys for Petitioner
                                            United States of America